Thursday, March 10. The Judges delivered their opi- . «ions.
Judge Tucker.
Harvey entered a caveat against the emanation of a patent to Preston for 590 acres of land, on a, survey dated the 13th of December, 1793, because-he claims part of the land therein contained under a better right, which he sets forth accordingly.
Mr. Wickham, for the appellee, contended, that the question now presented to the Court had been already decided in. this Court, in the case between the same parties, reported in 3 Call, 495. And, at first, I was inclined to suppose it was. But, on reference to the record in that case, I find the judgment was, that no grant should issue to T. Preston for that part of the land contained in his inclusive survey, which is included in the said R. Harvey’s survey of 187 acres; which was the only part in controversy in that suit. The title to the residue of the 590 acres, therefore, was not affected by that judgment.
On the trial of the present caveat, the defendant offered two bills of exceptions to the opinion of the Court, which were allowed. The first alleged that the plaintiff introduced the surveyor of the County, with a list of entries and surveys referred to, to prove that the defendant had, by prior entries, exhausted the warrant on which his last entry was founded; which surveyor also proved that, as to a number of entries referred to, it did not appear in his books that they were made under the warrant in question. And the defendant objected to the evidence of the sur *63 -,'eyor’s certificate to the said list, as not the highest evidence which the nature of the case will admit of; but the objection was overruled by the Court, and I am strongly disposed to think that they erred in so doing. For, in a question of that nature, I think the book of entries itself ought to have been introduced, that the Jury, by inspecting the original entries in each case, might determine whethér any or all of them were made upon, other warrants; more especially when it came out upon the oral testimony of the surveyor, that as to a number of entries referred to in the list it did not appear in his books that they were made on the -warrant in question. This part of the testimony might have the effect of warning the Jury not to place implicit confidence in the list submitted to their inspection; but, on the other hand, the permitting the list to go to them as evidence might tend to mislead them. And it has befen decided in this Court that the permitting any improper evidence to go to the Jury, is error.
The second bill of exceptions states, “ that the counsel “ for the plaintiff moved the Court to direct the Jury, that “ a verdict on which a judgment was rendered in another “ trial between the same parties, was conclusive evidence to “ prove the fact of the -warrant being exhausted; the find- “ ing in the said verdict being in a trial between the same “ parties, in which the same point was controverted, and in which the title to the same land was in controversy, as “ was the subject of the caveat then depending, and finds “ the same fact; and the Court directed the Jury, that the “ said verdict was conclusive evidence.”
It has long since been settled, that a verdict on the same point, and between the same parties, may be given in evidence, though the lands are not the same.(a) But this is to be understood with this restriction, that it is of a matter which was in issue in the former cause.(b) And, not only .between parties, but between privies also, is the verdict ad *64 missible evidence.(a) Now, here the question was, in both cases, as to the validity of Preston's last entry; the fact put in issue being that the warrant upon which that entry was made had been exhausted by prior entries. I therefore think the verdict was rightly admitted to go to the Jury: and on the authority of Shelton v. Barbour, in this Court,(b) where the question was, whether the evidence offered should have been left to the Jury as circmnstantial evidence only, or as conclusive evidence of the fact in issue ; and this Court decided, that the District Court erred in not instructing the Jury that it was conclusive as to that fact.
The question now is, whether there must be a new trial between the parties, because of the admission of the evidence excepted to in the first bill of exceptions, which I have already spoken of, as erroneously admitted. It is in general true, that if the Court admit any improper evidence, upon a trial, which is made to appear by a bill of 'exceptions, there must be a new trial. I was, at first, inclined to suppose, that the present case furnishes an exception (and probably the only exception) to the rule. For the error apparent from the first bill of exceptions was, I conceived, completely cured by the matter contained in the second bill of exceptions; the evidence excepted to in both instances being adduced to prove one and the same fact, upon which fact the merits of the case entirely depended; viz. whether Preston's warrant was exhausted by prior entries. And, although the Court admitted improper evidence as to that fact, at first, yet as further evidence, and that conclusive between the parties, was also adduced to the same fact, I thought that it would be a vain thing to reverse the judgment for the first error, and to direct a new trial to be had, in which the verdict should be admitted as conclusive evidence of the fact in question, since the result (except as to costs) must be precisely the same, as if *65 we should affirm the judgment. And, though it might seem a little hard to throw the .costs upon the appellant, where there has been any error, yet, as, by his own shewing in the second bill of exceptions, that error was rendered unimportant by subsequent conclusive evidence to the same fact, I thought it would 'be running the parties to much unnecessary expense, if, from a mere scruple in respect to costs, we should award a new trial. But, from a further examination of the record, I find that the conclusive evidence arising out of the verdict in the former suit relates only to Preston’s entry for 150 acres of land, made on the 20th of August, 1785, of which Harvey recovered in the former caveat the part included within his flarvey’s') survey of 187 acres; but has no relation to Preston’s entry for 30 acres under the same warrant, made antecedent to the entry for 150 acres, 'nor to the entries for 218 acres, made under other warrants; touching which the former verdict contains no evidence that it was exhausted. Consequently, as to these entries, the evidence objected to in the-first bill of exceptions, remains unfortified by the conclusive evidence in the first verdict. There ought, therefore, to be a neto trial, unless there be some other reason, arising out of the record, to the contrary. This reason, I apprehend, is furnished by Mr. Preston’s inclusive survey, which I am of opinion was not authorised by the act relied on,(a) which I concur in thinking relates only to patented lands.(b) Upon this point, therefore, I am oí opinion, that the judgment of the District Court must be affirmed, with some small amendment, viz. that no grant issue to Thomas Pres-ton in, pursuance of his inclusive survey, made the 13th day of December, 1793, under an order of the County Court of Botetourt, granting leave to him to comprehend in one survey his several adjoining claims.
Judge Roane.
The question made by the first bill of exceptions, need not be decided by this Court. That question, in relation, as well to the inconveniences and conse *66 quences possibly resulting from a reversal of the decision of the District Court, as to the actual practice of surveyors touching the point in dispute, may be so important, that, without necessity, and with no greater lights than I have at present, I shall be unwilling to pass an opinion upon it.
The decision,' to which that exception was taken, was, that the surveyor (with the list of entries) was admitted to prove that the land warrant, No. 10,629, was exhausted before Preston’s entry for the 150 acres was made. Admitting, for the present, that this testimony was illegal to prove this point, is not the error cured by the decision mentioned in the second bill of exceptions ? That decision is that the verdict, in the former case, between the same-parties, respecting the same land, and going to this very point, is conclusive evidence to establish the point. If this last decision be correct, was not the former error of the Court merged in it, and deprived of all power and tendency to injure the cause of the appellant? for the latter covers more ground than the former, and destroys its effect. He could not be injured by the admission of illegal evidence to a particular point, if, afterwards, legal and conclusive testimony was exhibited, under the express sanction of the Court, which overwhelms the former testimony, and concludes and shuts up the point forever. In such case, it is the latter and not the former testimony, which produces the verdict of the Jury. It has often been decided here, that an error of the inferior Court cannot be complained of, or appealed from, if it be beneficial to the party appealing. In the case of Smith v. Harmanson,(a) in debt on a bond, the Jury found a verdict of an aggregate sum of principal and interest, for which judgment was rendered. This Court was of opinion, that, although this was erroneous, yet, being- for the benefit of the defendant, (inasmuch as it stopped the continuing interest,) he could not complain of it, or appeal on that account. In the case of Pendleton v. Vandevier,(b) Pendleton was appellant, and complained of a judgment against him for land: the judgment *67 Was reversed; but this Court being of opinion that Vandevier ought to recover a greater quantity of land, the judgment was entered for such greater quantity, and Vandevier also recovered the costs as the party prevailing, inasmuch as the error of the Court below was in favour of Pendleton. Many other decisions might probably be found going to establish the same principle.
The doctrine then seems to be established, that a party shall not complain of, or reverse a judgment for, an error which is beneficial to him. It is but pursuing the same principle to say, that a judgment shall not be reversed for an erroneous decision, unless some injury could possibly have resulted therefrom to the party appealing. This Court does not sit here to reverse judgments for erroneous opinions on mere abstract or immaterial questions; but to give redress to parties grieved by the decisions of the inferior Courts,
In the case before us, no injury could have arisen to the appellant from the admission of the testimony excepted to in the first bill "of exceptions, because, as I have already said, that testimony was entirely superseded, and rendered unnecessary to be considered by the Jury, by the superior and conclusive evidence of the verdict mentioned in the second bill of exceptions. It is said to have been settled here that the permission of any illegal evidence to go to the Jury, is error. This is admitted as a general position ; but, in a case like this, it is not such an error as to cause the reversal of the judgment. This distinction seems warranted by the principle of the cases before stated.
There is no doubt but the opinion of the District Court, in relation to the admission of that verdict as evidence, is right. The case of Shelton v. Barbour(a) is full up to this point, and perhaps goes beyond it; and in the case of Pegram v. Isabell,(b) the doctrine in that case seems admitted, as between parties and privies, by the counsel on both sides. In Shelton v. Barbour, the same objection was taken as is here taken, viz. that the former verdict was only persuading *68 evidence; but the objection was overruled, and the verdict declared to be conclusive evidence. It is unnecessary to , fortify the solemn decisions of this Court by repeating the reasons on which they are founded; but it is evident that the rule in question is a wise one, inasmuch as it is necessary that an end be put to litigation, and in order to provide against the loss of testimony, &c. On the other hand, the adverse parly is not injured, for he had an opportunity to cross-examine the witnesses on whose testimony the first verdict was founded.
On these grounds, Harvey was entitled to prevail against Preston on the merits, as to all the land which he (Preston) claimed by virtue of the warrant, No. 10,629. As to the residue of the unpatented land, claimed by Preston's other entries, the inclusive survey in question is incompetent to bar Harvey’s caveat; it being still my opinion that an inclusive survey does not extend to lands held merely by entry. As to this residue, I presume that the judgment of the District Court has reference only to the inclusive survey, which is opposed by the caveat. It ought not, and, I presume, does not, affect any ulterior claim or survey, (a separate one for example) by which Preston may possibly hold this land. If, however,, there be any doubt on this subject, I agree that the decision of the Court may be so expressed as to be fully understood upon the point; and, upon the "whole, that the judgment of the Distinct Court be Affirmend.

 Sherwin v. Clarges, Bull. N. P. 232.

 Ibid. 233. Hobart, 53.

 Bull. 232, 2 Wash. 64. Shelton v. Barbour.

 2 Wash. 67.

 Rev. Code, 1 vol. ch. 86. sect. 48. p. 148.

 See 3 Call, 499.

 1 Wash. 6.

 Ib. 381.

 2 Wash 64.

 Setting and Munford, 387.